IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROOSEVELT GHOLSTON; et al.                                                         PLAINTIFFS

vs.                         No. 4:04CV265-D-B

FORD MOTOR CREDIT COMPANY; et al.                          DEFENDANTS

## OPINION GRANTING PLAINTIFFS' MOTION TO DISMISS, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Presently before the court is the Plaintiffs' motion to dismiss, and two separate motions of the Defendant Ford Motor Credit Company to dismiss. Upon due consideration, the court finds that the Plaintiffs' motion should be granted, that one of the Defendant's motions to dismiss is moot, and that the other should be granted in part and denied in part.

*A. Factual Background*

The Plaintiffs, who are African-American residents of Mississippi, are individuals who separately purchased automobiles from several different Mississippi vehicle dealerships. The vehicles were purchased under retail installment contracts, allowing the Plaintiffs to pay for their vehicles over time. The dealers subsequently assigned their rights under the installment contracts to the Defendant Ford Motor Credit Company (Ford Credit), which paid the dealers for the assignment.

On August 31, 2004, the Plaintiffs filed this suit alleging that the Defendants unlawfully failed to disclose the amount of "finance mark-up" charges that Ford Credit paid the dealers. The Plaintiffs also claim that they were discriminated against and charged higher finance mark-up amounts than were the dealerships' white customers.

The Defendant Ford Credit has filed a motion to dismiss the Plaintiffs' claims. Several of

the Plaintiffs have also moved to voluntarily dismiss their claims.

## B. Standard for Dismissal

In ruling on a motion to dismiss under Rule 12(b)(6), the court must take as true the well-pled allegations in the complaint and construe them in the light most favorable to the complainant. C.C. Port, Ltd. v. Davis–Penn Mtg. Co., 61 F.3d 288, 289 (5th Cir. 1995). Taking the complainant's allegations as true, the court should dismiss a complaint only when it appears certain that the complainant cannot prove any set of facts that would entitle them to the relief requested. C.C. Port, Ltd., 61 F.3d at 289. Dismissal is never warranted solely because the court believes the complainant is unlikely to prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974).

## C. Discussion

### 1. The Plaintiffs' Motion to Dismiss

Several of the Plaintiffs have moved to voluntarily dismiss their claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Defendant Ford does not oppose the motion, despite having filed a separate motion to dismiss these same Plaintiffs arguing that they have signed binding arbitration agreements regarding their claims.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that plaintiffs may voluntarily dismiss their claims, after the defendant has answered or declines to stipulate to dismissal, only "upon order of the court and upon such terms and conditions as the court deems proper" and that "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). Under Rule 41(a)(2), plaintiffs may freely dismiss their claims, subject to court approval, provided the dismissal does not plainly prejudice a non-moving party. Elbaor v.

Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002); see Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990) ("dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.").

The court finds that dismissal of the claims of Mary Ball, Dorice Buchanan, Robert Bunch, Senobia Bunch, Arthur Colbert, Pamela Colbert, Sarah Colbert, James Cornelius, Patricia A. Deshazer, Blondell Fikes, Miller Fikes, Gwen R. Fountain, and Vernon Griffin will not result in any prejudice to the non-moving parties. Accordingly, the court finds that the Plaintiffs' motion to dismiss should be granted, and their claims dismissed without prejudice. The granting of this motion renders moot Ford Credit's motion to dismiss their claims for failure to arbitrate.

2. The Defendant Ford Credit's Motion to Dismiss

Ford Credit has filed a motion to dismiss the remaining Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court finds that the motion should be granted in part and denied in part.

The Plaintiffs assert some eight counts of state law claims against Ford Credit, most of which are based on the Plaintiffs' allegation that the Defendants unlawfully failed to disclose the existence and amount of the finance mark-up charged to the Plaintiffs. As the district court noted in Baldwin v. Laurel Ford Lincoln-Mercury, Inc., 32 F. Supp. 2d 894 (S.D. Miss. 1998), however, all but one of those claims are foreclosed as a matter of Mississippi law.

As for the first three counts of the complaint (Suppression of Material Facts, Fraud, and Negligent Misrepresentation), which are related and which the court considers in turn, the court finds that the Plaintiffs' fraud claim (Count 2 of the complaint) is barred because the Plaintiffs have failed to sufficiently allege that Ford Credit had any direct dealings with the Plaintiffs sufficient to establish

any affirmative misrepresentation on its part. See, e.g., Baldwin, 32 F. Supp. 2d at 899-900. The Plaintiffs do not allege that Ford Credit directly made any fraudulent misrepresentations to the Plaintiffs. Thus, the Plaintiffs' fraud claim fails as a matter of law. See Bank of Shaw v. Posey, 573 So. 2d 1355, 1362 (Miss. 1990) (setting forth elements of fraud under Mississippi law). The court further finds that the Plaintiffs' claims for suppression of material facts and negligent misrepresentation (Counts 1 and 3 of the complaint) fail because Ford Credit had no duty under Mississippi law to disclose the terms of the assignment between it and the Defendant dealers. Baldwin, 32 F. Supp. 2d at 899. Each Plaintiff's contract disclosed the finance charge and interest rate that was being charged, and that is a sufficient disclosure under Mississippi law. Id. Accordingly, the court finds that these claims should be dismissed because the Plaintiffs cannot prove any set of facts that would entitle them to the relief requested. C.C. Port, Ltd., 61 F.3d at 289.

The Plaintiffs have also asserted claims for civil conspiracy (Count 4 of the complaint) and for unjust enrichment (Count 7 of the complaint). The court finds that these claims should be dismissed because the underlying conduct of which they complain was lawful, as noted in this opinion. See Fordice Constr. Co. v. Central States Dredging Co., 631 F. Supp. 1536, 1538-39 (S.D. Miss. 1986) (holding that, in order to state claim for unjust enrichment, plaintiff must allege that defendant received profits to which it was not entitled); Shaw v. Burchfield, 481 So. 2d 247, 255 (Miss. 1985) (holding that "[a] conspiracy is the combination of persons for the purpose of accomplishing an unlawful purpose of a lawful purpose unlawfully"). Accordingly, the court finds that these claims should be dismissed.

The Plaintiffs' next claim is for breach of the duty of good faith and fair dealing (Count 5 of the complaint). As noted by the Plaintiffs, Mississippi law implies the covenant of good faith and

fair dealing into every contract. Cenac v. Murry, 609 So. 2d 1257, 1272 (Miss. 1992). The Plaintiffs argue that Ford Credit violated this duty by purchasing contracts from the dealers that included a finance mark up. The court finds, however, in agreement with the ruling in Baldwin, that under Mississippi law Ford Credit was not required to provide the Plaintiffs with the best possible terms available in order to satisfy its duty of good faith and fair dealing. Baldwin, 32 F. Supp. 2d at 899. Indeed, as noted in Baldwin, the duty of good faith and fair dealing applies to the performance of the contract, not the negotiation of terms leading to the agreement. Id.; Cenac, 609 So. 2d at 1272. Thus, the court finds that the Plaintiffs cannot prove any set of facts that would entitle them to the relief requested, and this claim is dismissed.

As for the Plaintiffs' claim for breach of fiduciary duty (Count 6 of the complaint), the court finds that no fiduciary duty existed between Ford Credit and the Plaintiffs. Baldwin, 32 F. Supp. 2d at 898; see Peoples Bank & Trust Co. v. Cermack, 658 So. 2d 1352, 1358 (Miss. 1995) (holding that, under Mississippi law, "there is no presumption of a fiduciary relationship between a debtor and a creditor"). The Plaintiffs have not alleged any facts sufficient to overcome this presumption and permit the court to find that a fiduciary relationship existed between Ford Credit and the Plaintiffs. Thus, the court finds that this claim should be dismissed.

As for the remaining counts of the complaint (Counts 8, 9, and 10), the court, after considering only the pleadings in this action, and taking the facts alleged in the complaint as true, finds that the Defendant has failed to show that "it appears certain that the plaintiff[s] cannot prove any set of facts that would entitle [them] to the relief [they] seek." See C.C. Port, Ltd., 61 F.3d at 289. As such, the Defendant's motion to dismiss those claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 14th day of September 2005.

                                        /s/ Glen H. Davidson
                                        Chief Judge

gh